No. 88,874

In the Matter of STEVEN S. GRISWOLD, *Respondent.*
(56 P.3d 269)

Opinion filed October 25, 2002.

*Stanton A. Hazlett,* disciplinary administrator, argued the cause and was on the formal complaint for petitioner.

No appearance by respondent.

*Per Curiam*: This is an original uncontested proceeding in discipline filed by the Disciplinary Administrator's office against the respondent, Steven S. Griswold, an attorney admitted to the practice of law in Kansas, whose last known registration address was in Leawood, Kansas, alleging violations of the Kansas Rules of Professional Conduct (KRPC) 1.3 (2001 Kan. Ct. R. Annot. 323) (diligence); 1.4(a) (2001 Kan. Ct. R. Annot. 334) (communication); 3.2 (2001 Kan. Ct. R. Annot. 398) (expediting litigation); 5.5(a) (2001 Kan. Ct. R. Annot. 424) (unauthorized practice of law); 8.1(b) (2001 Kan. Ct. R. Annot. 433) (bar admission and disciplinary matters); and 8.4(a) and (d) (2001 Kan. Ct. R. Annot. 437) (misconduct). We disbar the respondent from the practice of law in the State of Kansas.

A hearing before the panel of the Kansas Board for Discipline of Attorneys was held on March 26, 2002. Respondent failed to appear. The panel received exhibits into evidence and heard the testimony of Joyce Burns.

After hearing the testimony presented and the arguments of the Disciplinary Administrator, and after reviewing the exhibits admitted into evidence, the panel made the following findings of fact:

"1. . . . On October 13, 1989, the Missouri Supreme Court admitted the Respondent to the practice of law in the state of Missouri. Then, on May 1, 1996, the Kansas Supreme Court admitted the Respondent to the practice of law in the state of Kansas. The Respondent's date of birth is November 3, 1963.

"2. In 1998, the Respondent failed to pay the annual attorney registration fee, failed to comply with the continuing legal education requirements, and failed to pay the annual Kansas Continuing Legal Education Commission fee. Thereafter, on November 4, 1998, the Kansas Supreme Court suspended the Respondent

from the practice of law in the state of Kansas. The Respondent's license to practice law in the state of Kansas remains suspended.

"3.  From 1995 through 2000, the Respondent repeatedly failed to timely comply with the annual licensing requirements and continuing legal education requirements for the state of Missouri. As a result, the Respondent's license was not in good standing in Missouri.

"4.  In 1997, Wes DeMarco retained the Respondent to handle a claim for back pay against a former employer. The Respondent failed to diligently prosecute the claim. Additionally, the Respondent failed to return Mr. DeMarco's telephone calls and to keep Mr. DeMarco advised of the status of the claim.

"5.  In 1999, the Reagan Car Finance, Inc., engaged the Respondent to file and prosecute garnishments. The Respondent failed to prosecute the garnishments with diligence. The Respondent failed to advise his client of the status of the matters and the Respondent failed to return telephone calls.

"6.  The Respondent's misconduct, stemming from his representation of Mr. DeMarco and Reagan Car Finance, Inc., was reported to the Missouri disciplinary authorities. During the disciplinary investigation, the Respondent failed to provide information as requested.

"7.  On October 24, 2000, the Missouri disciplinary authority forwarded an Information to the Respondent's last registration address. The Respondent failed to claim the certified letter containing the Information. As a result, the Missouri disciplinary authorities published notice to the Respondent. The Respondent failed to answer the Information and the Respondent failed to request a hearing on the matter.

"8.  On March 28, 2001, the Missouri Supreme Court disbarred the Respondent.

"9.  On February 14, 2002, the Disciplinary Administrator filed the Formal Complaint in this matter. Also on February 14, 2002, the Disciplinary Administrator forwarded two copies of the Formal Complaint to the Respondent. One copy was sent *via* certified mail and one copy was sent *via* regular mail. The copy sent *via* certified mail was returned marked unclaimed. The copy sent *via* regular mail was not returned.

"10.  On March 4, 2002, the Disciplinary Administrator filed an Amended Notice of Hearing in this matter. The Amended Notice of Hearing stated that the Respondent was entitled to be represented by counsel, to cross-examine witnesses, and to present evidence. The Amended Notice of Hearing also stated the date and place of the hearing. Also on March 4, 2002, the Disciplinary Administrator forwarded two copies of the Amended Notice of Hearing to the Respondent. One copy was sent *via* certified mail and one copy was sent *via* regular mail. The copy sent *via* certified mail had not been claimed at the time of the hearing. The copy sent *via* regular mail was not returned.

"11.  The Respondent failed to answer the Formal Complaint filed in this matter. Additionally, the Respondent failed to appear at the hearing."

The panel noted that the Notice of Hearing, sent prior to the Amended Notice of Hearing, had included the incorrect hearing date and Hearing Panel.

The panel made the following conclusions of law:

"1. Kan. Sup. Ct. R. 211(d) and Kan. Sup. Ct. R. 215 governs service of process in disciplinary proceedings. Kan. Sup. Ct. R. 211(d) provides:

'The Disciplinary Administrator shall serve a notice of hearing upon the respondent, respondent's counsel, and the complaining parties. The notice shall state that the respondent is entitled to be represented by counsel, to cross-examine witnesses, and to present evidence. The notice shall also state the date and place of the hearing and shall be served at least fifteen days in advance of the hearing date. . . .'

Kan. Sup. Ct. R. 215, provides, in pertinent part, as follows:

'(a) Service upon the respondent of the formal complaint in any disciplinary proceeding shall be made by the Disciplinary Administrator, either by personal service or by certified mail to the address shown on the attorney's most recent registration, or at his or her last known office address.

. . . .

'(c) Service by mailing under subsection (a) or (b) shall be deemed complete upon mailing whether or not the same is actually received.'

In this case, the Disciplinary Administrator complied with Kan. Sup. Ct. R. 211(d) by sending a copy of the Amended Notice of Hearing to the Respondent's last registration address more than fifteen days in advance of the hearing. The Disciplinary Administrator complied with Kan. Sup. Ct. R. 215(a) by sending a copy of the Formal Complaint *via* certified United States mail, postage prepaid, to the Respondent's most recent registration address. Therefore, the Hearing Panel concludes that the Respondent was afforded the notice that the Kansas Supreme Court Rules require.

"2. Kan. Sup. Ct. R. 202 provides that '[a] final adjudication in another jurisdiction that a lawyer has been guilty of misconduct shall establish conclusively the misconduct for purposes of a disciplinary proceeding in this state.' Based upon the evidence presented at the hearing, including Disciplinary Administrator's Exhibits A and B, and pursuant to Kan. Sup. Ct. R. 202, the Hearing Panel concludes that the Respondent engaged in misconduct and violated KRPC 1.3, KRPC 1.4(a), KRPC 3.2, KRPC 5.5(a), KRPC 8.1(b), KRPC 8.4(a), and KRPC 8.4(d)."

The panel stated in a footnote:

"It is important to note that the Missouri Supreme Court found that the Respondent violated Missouri Supreme Court Rules 4-1.3, 4-1.4(a), 4-3.2, 4-5.5(c), 4-8.1(b), 4-8.4(a), and 4-8.4(d). Missouri Supreme Court Rules 4-1.3, 4-1.4(a), 4-

3.2, 4-8.1(b), 4-8.4(d) are identical to KRPC 1.3, KRPC 3.2, KRPC 8.1(b), KRPC 8.4(a), and KRPC 8.4(d), respectively.

"The Kansas Supreme Court Rules do not contain a provision similar to Missouri Supreme Court Rule 4-5.5(c). That section provides that a lawyer shall not 'practice law in Missouri if the lawyer is subject to Rule 15 and, because of failure to comply with Rule 15, The Missouri Bar has referred the lawyer's name to the chief disciplinary counsel of the Commission on Retirement, Removal and Discipline.' However, the misconduct engaged in by the Respondent in that regard falls within KRPC 5.5(a)."

## The panel further found:

"3.   Attorneys must act with reasonable diligence and promptness in representing their clients. *See* KRPC 1.3. Because the Respondent failed to act with reasonable diligence and promptness in representing Mr. DeMarco and Reagan Car Finance, Inc., the Hearing Panel concludes that the Respondent violated KRPC 1.3.

"4.   KRPC 1.4(a) provides that '[a] lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.' The Respondent failed to keep Mr. DeMarco and Reagan Car Finance, Inc., informed regarding the status of their cases. Additionally, the Respondent failed to return numerous telephone calls to Mr. DeMarco and Reagan Car Finance, Inc. Accordingly, the Hearing Panel concludes that the Respondent violated KRPC 1.4(a).

"5.   An attorney violates KRPC 3.2 if he fails to make reasonable efforts to expedite litigation consistent with the interests of his client. Because the Respondent failed to make reasonable efforts to expedite litigation consistent with the interests of Mr. DeMarco and Reagan Car Finance, Inc., the Hearing Panel concludes that the Respondent violated KRPC 3.2.

"6.   KRPC 5.5(a) provides that '[a] lawyer shall not . . . practice law in a jurisdiction where doing so violates the regulation of the legal profession in that jurisdiction.' In this case, even though the Respondent was not an attorney in good standing in the state of Missouri, he continued to practice law. Accordingly, the Hearing Panel concludes that the Respondent violated KRPC 5.5(a).

"7.   The Respondent also violated KRPC 8.1(b). That rule provides:

> '[A] lawyer . . . in connection with a disciplinary matter, shall not . . . knowingly fail to respond to a lawful demand for information from [a] disciplinary authority, except that this rule does not require disclosure of information otherwise protected by Rule 1.6.'

The Respondent failed to respond to requests from the Missouri disciplinary authorities during the disciplinary investigation. As such, the Hearing Panel concludes that the Respondent violated KRPC 8.1(b).

"8.   KRPC 8.4 provides, in pertinent part, as follows:
'It is professional misconduct for a lawyer to:

(a)  Violate or attempt to violate the rules of professional conduct, knowingly assist or induce another to do so, or do so through the acts of another;

. . . .

(d)  engage in conduct that is prejudicial to the administration of justice.'

The Respondent violated KRPC 8.4(a) and KRPC 8.4(d), as detailed below:

a.  The Respondent violated KRPC 8.4(a) by violating KRPC 1.3, KRPC 1.4(a), KRPC 3.2, KRPC 5.5(a), and KRPC 8.1(b).

b.  The Respondent engaged in conduct that was 'prejudicial to the administration of justice,' when the Respondent failed to provide diligent representation, when the Respondent failed to provide reasonable communication, and when he failed to expedite litigation consistent with the interests of his clients. Accordingly, the Hearing Panel concludes that the Respondent violated KRPC 8.4(d).

"9.  Kan. Sup. Ct. R. 211(b) provides, in pertinent part:

'The Respondent shall serve an answer upon the Disciplinary Administrator within twenty days after the service of the complaint unless such time is extended by the Disciplinary Administrator or the hearing panel.'

In this case, the Respondent violated Kan. Sup. Ct. R. 211(b) by failing to file a written answer to the Formal Complaint. Accordingly, the Hearing Panel concludes that the Respondent violated Kan. Sup. Ct. R. 211(b)."

## The panel made the following recommendations as to discipline:

"In making this recommendation for discipline, the Hearing Panel considered the factors outlined by the American Bar Association in its Standards for Imposing Lawyer Sanctions (hereinafter 'Standards'). Pursuant to Standard 3, the factors to be considered are the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors.

"*Duty Violated.* The Respondent violated his duty to his clients to provide diligent representation and adequate communication. Additionally, the Respondent violated his duty to the legal profession when he failed to cooperate in the disciplinary investigation in Missouri.

"*Mental State.* The Respondent knowingly violated his duty to his clients and to the legal profession.

"*Injury.* The legal profession suffered an injury when the Respondent failed to cooperate in the disciplinary investigation.

"*Aggravating or Mitigating Factors.* Aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed. In reaching its recommendation for discipline, the Hearing Panel, in this case, found the following aggravating factors present:

"A Pattern of Misconduct. The Respondent engaged in a pattern of misconduct when he failed to provide diligent representation and adequate communication to Mr. DeMarco and Reagan Car Finance, Inc.

"Multiple Offenses. The Respondent violated KRPC 1.3, KRPC 1.4(a), KRPC 3.2, KRPC 5.5(a), KRPC 8.1(b), KRPC 8.4(a), and KRPC 8.4(d). As such, the Respondent committed multiple offenses.

"Bad Faith Obstruction of the Disciplinary Proceeding by Intentionally Failing to Comply with Rules or Orders of the Disciplinary Process. The Respondent failed to file an answer in this case.

"Mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed. In reaching its recommendation for discipline, the Hearing Panel, in this case, found the following mitigating circumstances present:

"Absence of a Prior Disciplinary Record. The Respondent had not previously been disciplined.

"Imposition of Other Penalties or Sanctions. The Respondent has been disbarred in the state of Missouri.

"In addition to the above-cited factors, the Hearing Panel has thoroughly examined and considered Standard 4.41. That standard provides that:

'Disbarment is generally appropriate when:

    (a)   a lawyer abandons the practice and causes serious or potentially serious injury to a client; or

    (b)   a lawyer knowingly fails to perform services for a client and causes serious injury to a client; or

    (c)   a lawyer engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to a client.'

In this case, the Respondent failed to provide diligent representation and adequate communication to two clients. Thereafter, the Respondent failed to participate in the disciplinary process.

"Based upon the above findings of fact and conclusions of law and based upon the decision of the Missouri Supreme Court, the Hearing Panel unanimously recommends that Respondent be disbarred."

We note that the respondent, having been notified of these proceedings, failed to respond or appear before this court. This failure to appear constitutes a violation of Supreme Court Rule 212(d) (2001 Kan. Ct. R. Annot. 263).

We conclude the panel's findings are established by clear and convincing evidence and adopt the panel's conclusions of law and recommendation of discipline.

IT IS THEREFORE ORDERED that the respondent, Steven S. Griswold, be and he is hereby disbarred from the practice of law

in the State of Kansas in accordance with Supreme Court Rule 203(a)(1) (2001 Kan. Ct. R. Annot. 224) for his violations of the KRPC and Supreme Court Rules.

It Is Further Ordered that the Clerk of the Appellate Courts strike the name of Steven S. Griswold from the roll of attorneys licensed to practice law in Kansas.

IT IS FURTHER ORDERED that respondent comply with Supreme Court Rule 218 (2001 Kan. Ct. R. Annot. 276).

IT IS FURTHER ORDERED that this order be published in the official Kansas Reports and that the costs of this action be assessed to the respondent.

LARSON, S.J., assigned.